## THOMAS WEST *vs.* PETER D. SHOCKLEY & JOHN W. DER-RICKSON.

A constable cannot levy upon property *after* the return day of his writ.
If he does so he is a trespasser.
If a levy have been duly made, the property may be taken away after the return of the writ.
The plaintiff is not answerable for irregular execution of his process, unless he commands or ratifies it.
The costs of witnesses summoned to increase costs, or without due caution, will be disallowed in taxing the bill.

THIS was an action of trespass de bonis asportatis. The defendants pleaded not guilty, and a justification under judgment and execution at the suit of P. D. Shockley, assignee of W. R. Parsons, plaintiff, against Thomas West; and execution process at the suit of Peter R. Shockley, against the said Thomas West. Replications and issues.

*Layton,* for plaintiff, contended on the proof: 1st. That as the constable, Derrickson, seized plaintiff's property under execution process at suit of Shockley, *after* the return day of the execution; the execution did not justify them, and they were both trespassers. (2 *Saund. Pl. & Ev.* 691; 6 *Term Rep.* 316; *Dougl.* 359; 2 *Esp. N. P. R.* 585; 4 *Johns. Rep.* 450; 9 *Ibid* 117.) The constable was liable as a trespasser because the expired writ did not justify the seizure; the defendant Shockley was liable on proof that it was done by his orders, and he ratified it afterwards; 2d. That the possession of the plaintiff was evidence of his owning the property seized; 3d. As to damages, that they were to be not merely compensatory, but exemplary, there being evidence of malice.

*Cullen* and *Saulsbury,* replied: 1st. That if the executions were issued and regularly placed in the hands of the constable Derrickson, and he levied on the plaintiff's property before the execution expired, he had a right to take it afterwards, and was not a trespasser by doing so. The law will presume that a police officer has done his duty, and as it was his duty to make this levy before the return day of the writ, the presumption will be that the levy was here regularly made. By the levy the right of possession was in the constable, and he could take possession at any time. 2d. That a party who sues out and delivers to an officer, valid process, is not answerable for any irregularity in the execution of it, unless he is shown to have ordered such irregular action. Neither would a subsequent ratifica-

tion render him liable, unless he is shown to have known of the irregularity. (9 *Johns. Rep.* 118.) 3d. That if the plaintiff had not proved the property to have belonged to him, he could not recover. 4th. That plaintiff was not entitled to recover exemplary damages; nor even the price of the property, which was returned to him; and that he could recover only for the injury sustained by being deprived of his property for a short period. They denied that there was any proof of malice.

*The Court:*

Booth, *Chief Justice,* charged.—In an action of trespass for injury to personal property, the plaintiff must prove: 1st. The property, of which possession is sufficient prima facie evidence. 2d. The trespass. 3d. The damage. The pleas were not guilty, and justification under execution process. The first plea puts in issue the fact of the trespass, &c.

If property be taken by a public officer having no writ in his hands, or after the return day, he is a trespasser. But if a levy be made before the return day of the writ, and the property remains in the possession of the defendant, the officer may, after the return day, take possession of the property levied on; and for so doing he would not be a trespasser. As to the plaintiff in the execution, he would not be liable as a trespasser, for irregular execution of the process, unless he is shown to have ordered this mode of execution, or unless he participated in the trespass.

As to the damages, they should be allowed only for the injury arising from being deprived of the possession of the property for the time it was out of plaintiff's possession, and any depreciation in its value arising from the seizure and detention.

Verdict for plaintiff, 25cts.

*Layton,* for plaintiff.
*Cullen* and *Saulsbury,* for defendants.

On motion the court disallowed the costs of five of the witnesses summoned by the plaintiff, because their testimony was immaterial.